<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MAHMOUD ELMILLIGY, | Case No.: 2:25-cv-13476 |
| *Plaintiff,* | |
| v. | **OPINION AND ORDER** |
| NOHA SEDIK, | March 30, 2026 |
| *Defendant.* | |

**SEMPER**, District Judge.

**THIS MATTER** is before this Court upon *pro se* Plaintiff Mahmoud Elmilligy's ("Plaintiff") filing of a Complaint (ECF 1, "Compl.") and an amended application to proceed *in forma pauperis* ("IFP application") (ECF 15), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he or she is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** having reviewed Plaintiff's application, the Court finds leave to proceed *in forma pauperis* is warranted, and the IFP Application is **GRANTED**; and

1

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th at 371. *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e). However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and citation omitted). Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; and

**WHEREAS** Plaintiff's *pro se* Complaint must be dismissed because the Court does not have subject matter over this action; and

**WHEREAS** Plaintiff brings a number of state-law claims against his spouse, Defendant Noha Sedik, to "seek redress for a pattern of coordinated abuse that has devastated his life, endangered his children, and obstructed justice" (Compl. ¶ 1), including by allegedly filing false reports to police and family court about plaintiff and fraudulently transferring money from marital accounts (*Id.* ¶ 8); and

**WHEREAS** Plaintiff alleges that both he and Defendant reside in New Jersey. (*Id.* ¶¶ 5-6.) Plaintiff brings claims against his spouse for abuse of process, malicious prosecution, "fraud

and financial abuse," "custodial interference", and intentional infliction of emotional distress. (*Id.* ¶¶ 11-15.)

**WHEREAS** "[i]n order to have subject matter jurisdiction, a District Court must be able to exercise either diversity jurisdiction or federal question jurisdiction." *Haiying Xi v. Shengchun Lu*, 226 F. App'x 189, 190 (3d Cir. 2007) (citing 28 U.S.C. §§ 1331 and 1332). The plaintiff "bears the burden of proving that the federal court has jurisdiction." *McCracken v. Murphy*, 129 F. App'x 701, 702 (3d Cir. 2005) (citations omitted).

**WHEREAS** federal question jurisdiction exists when a dispute "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's claims here do not "arise under the Constitution, laws, or treaties of the United States." *Id.*; and

**WHEREAS** a district court also has original jurisdiction over an action when there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists when there is a dispute between citizens of different states alleging an amount in controversy in excess of $75,000. *Id*. Because both parties are New Jersey residents (*see* Compl. ¶¶ 5-6), the Court does not have diversity jurisdiction. Therefore, the Court does not have diversity jurisdiction over Plaintiff's claims; and

**WHEREAS** under 28 U.S.C. § 1367, a federal court may exercise supplemental jurisdiction over state law claims if it has federal question or diversity jurisdiction. Because the Court does not have original jurisdiction over any of Plaintiff's claims, the Court likewise cannot exercise supplemental jurisdiction over Plaintiff's claims. *See Ben-Haim v. Avraham*, No. 15-6669, 2016 WL 4621190, at *5 (D.N.J. Sept. 6, 2016) ("[T]here must be an independent basis for federal jurisdiction before supplemental jurisdiction may exist." (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005))).

Accordingly, **IT IS** on this 30th day of March 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF 15) is **GRANTED**; and it is further

**ORDERED** that the Complaint (ECF 1) is dismissed without prejudice; and it is further

**ORDERED** that the Clerk of Court is directed to close this matter.

**SO ORDERED**.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Stacey D. Adams, U.S.M.J.
        Parties